MAYOR'S OFFICE

DEC 08 2006

RECEIVED

RECEIVED DEC 12 2006 BY:

| ☐ County Court   X District Court | |
|---|---|
| Second Judicial District – Denver County<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | |
| Plaintiff:<br>**VINCENT MACIEYOVSKI**<br><br>v.<br><br>Defendants:<br>**CITY AND COUNTY OF DENVER** | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>David R. Medina<br>*Attorney for Plaintiff Vincent Macieyovski*<br>Theodore P. Watson & Assoc., LLC<br>1001 S. Monaco Pkwy, Ste #310<br>Denver, CO 80224<br><br>Phone Number: 720.941.7200<br>E-mail: medinad@theodorewatson.com<br>Fax Number: 720.941.7201   Atty. Reg. #: 26509 | Case Number:<br><br><br>Division        Courtroom |
| **SUMMONS** | |

THE PEOPLE OF THE STATE OF COLORADO
TO THE ABOVE NAMED DEFENDANT CITY AND COUNTY OF DENVER:

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint. If service of the summons and complaint was made on you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you. If service of the summons and complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without further notice.

The following documents are also served herewith:
COMPLAINT
CIVIL COVER SHEET

Dated 12/1/06

David R. Medina, #26509
*Attorney for Plaintiff, Vincent Macieyovski*

Exhibit A

| | |
|---|---|
| **DENVER DISTRICT COURT**<br>**CITY AND COUNTY OF DENVER, STATE OF**<br>**COLORADO**<br>City and County Building<br>1437 Bannock St.<br>Denver, CO 80202<br><br>**VINCENT MACIEYOVSKI,**<br>**Plaintiff**<br><br>v.<br><br>**CITY AND COUNTY OF DENVER**<br>**Defendant (s)** | **COURT USE ONLY** |
| Attorney:<br>David R. Medina, #26509<br>Theodore P. Watson & Associates, L.L.C.<br>1001 South Monaco Parkway, Suite 310<br>Denver, CO 80224<br>Phone Number: (720) 941-7200<br>E-mail: medinad@theodorewatson.com<br>FAX Number: (720) 941-7201 Atty. Reg. No. 26509 | Case Number:<br><br>Division ___  Courtroom ___ |
| **COMPLAINT** | |

COMES NOW, the Plaintiff, Vincent Macieyovski, by and through undersigned counsel of record, and for his Complaint and Jury Demand against Defendant, the City and County of Denver, and states as follows:

### A. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Vincent Macieyovski, is an individual and citizen of the State of Colorado, and resides in the city of Denver.

2. Defendant, the City and County of Denver, is a municipal corporation authorized to transact business in the State of Colorado.

3. The Plaintiff is an employee and the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Colorado Anti-Discrimination Act (CADA) C.R.S. §§ 24-34-101 *et seq.*; and the Defendant has employed more than 500 persons at all times relevant to this case.

4. The events giving rise to this Complaint took place at Defendant's Denver facilities within the department of Public Office Buildings. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 and the Colorado Anti-Discrimination Act (CADA) C.R.S. §§ 24-34-101 *et seq.*

## II. ADMINISTRATIVE PROCEDURES

5. On November 28, 2005, Plaintiff filed a charge of national origin discrimination against his employer with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory conduct by the Defendant for its failure to promote Mr. Macieyovski. Subsequently, and during the pendency of administrative proceedings, the Plaintiff alleged facts to indicate that the Defendant engaged in retaliatory conduct because of having filed the charge.

6. The charge was filed within 300 days after one or more of the unlawful employment practices.

7. Plaintiff received the EEOC's Dismissal and Notice of Rights containing a Notice of Right to Sue the Defendant.

8. Mr. Macieyovski has exhausted his administrative remedies with regard to his claims for national origin discrimination and retaliation. The Plaintiff has also complied with all statutory requisites in a timely manner pursuant to Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act (CADA) C.R.S. §§ 24-34-101 *et seq.*

## II. GENERAL ALLEGATIONS

9. Mr. Macieyovski alleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 8 above.

10. The Plaintiff, Vincent Macieyovski, an individual of Polish national origin was hired by the City and County of Denver on July 1, 2003, as a Site Engineer assigned to Public Office Buildings.

11. On March 28, 2005 the Defendant posted a job announcement for a Facilities Manager position within the Plaintiff's department. The plaintiff applied for the position, and based on his qualification received a Notice of Eligibility from the Defendant.

12. Despite his superior qualifications, the Defendant denied the Plaintiff an opportunity to interview for the position, and subsequently interviewed lesser qualified individuals and hired a lesser qualified person for the position.

13. None of the candidates interviewed or the person ultimately hired are of Polish national origin or otherwise within a protected class.

14. The Plaintiff has applied for approximately fifteen (15) other positions announced by the Defendant, for which he met or exceeded the minimum qualifications, and was rejected because of his national origin, due to a pattern and practice of discrimination.

15. The Defendant's supervisory personnel have made disparaging comments regarding the Plaintiff's foreign accent, stating the Mr. Macieyovski's English not being "up to par."

16. A national origin hostile work environment atmosphere was created by statements expressing hostility toward the fact that employees of eastern European and of Hispanic origin could communicate in their non-English languages.

17. A national origin hostile work environment atmosphere was created by statements expressing hostility toward the fact that employees of eastern European and of Hispanic origin were "taking over."

18. After the Plaintiff filed an EEOC charge alleging national origin discrimination the Plaintiff's job duties were curtailed, and he received a formal reprimand for conduct not otherwise subject to Defendant' disciplinary action.

19. In his capacity as Site Engineer at his assigned facility, the Denver Art Museum, he learned that capital improvements contracts were made without his approval or review, and outside of the Defendant's mandatory bid procedures. On or about August 17, 2006 the Plaintiff notified the City and County Auditor in writing of his concerns. The Defendant subsequently removed the Plaintiff from Denver Art Museum facility in retaliation for exposing the questionable contracting and bid practices.

20. As a direct and proximate result of the above described conduct of the Defendant, Plaintiff has suffered and will in the future continue to suffer, damages, losses, and injuries, including, but not limited to loss of wages, earnings, salary, benefits, and income, and has suffered emotional pain, suffering, distress, humiliation, and embarrassment, a diminution in his earning capacity, and other losses and injuries, all to his damage in an amount to be determined at trial.

21. Plaintiff is entitled to reasonable attorneys fees as provided by Colorado law and Title VII.

## FIRST CLAIM FOR RELIEF
(Employment Discrimination-Disparate Treatment 42 U.S.C. §§ 2000e, et. seq., C.R.S. §§ 24-34-101 *et seq.*)

22. Plaintiff herein re-alleges Paragraphs 1 through 21 above and incorporates same herein

23. Defendant unlawfully discriminated in the terms and conditions of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act.

## SECOND CLAIM FOR RELIEF
(Retaliation 42 U.S.C. § 2000e-3(a), C.R.S. § 24-34-402 (1) (e)(I)-(IV))

24. Plaintiff herein re-alleges Paragraphs 1 through 23 above and incorporates same herein

25. Defendant retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act.

## THIRD CLAIM FOR RELIEF
(Discriminatory discipline for disclosure of violation of City bid procedures; C.R.S. §§ 24-34-402.5, 24-34-402.5)

26. Plaintiff herein re-alleges Paragraphs 1 through 25 above and incorporates same herein

27. Defendant unlawfully discriminated in the terms and conditions of the Plaintiff's employment for disclosing violations of the City and County of Denver bid procedures in violation of C.R.S. §§ 24-34-402.5, 24-34-402.5.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant and that the Court do the following: award Plaintiff his damages, compensatory, actual, and otherwise, in the amount to be determined at trial; award Plaintiff damages for back pay, benefits, and loss of income in an amount to be determined at trial; award interest, interest from the date of the occurrence as provided by Colorado law, costs, attorneys fees, and expert witness fees, all as provided by law; award Plaintiff such other relief as the Court deems equitable, just, and appropriate.

PLAINTIFF DEMANDS TRIAL BY A JURY.

Respectfully submitted this 1st day of December, 2006

        THEODORE P. WATSON & ASSOCIATES, L.L.C.

*[signature]*

David R. Medina, Esq.
1001 S. Monaco Parkway, Suite 310
Denver, CO 80224
Telephone: 720-941-7200
Facsimile: 720-941-7201
**ATTORNEY FOR PLAINTIFF**

| ☐ County Court   X District Court<br>Second Judicial District – Denver County<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 |  |
|---|---|
| Plaintiff:<br>**VINCENT MACIEYOVSKI**<br>v.<br>Defendants:<br>**CITY AND COUNTY OF DENVER** | ▲ ▲<br>**A. COURT USE ONLY** |
| Attorney or Party Without Attorney (Name and Address):<br>David R. Medina<br>*Attorney for Plaintiff Vincent Macieyovski*<br>Theodore P. Watson & Assoc., LLC<br>1001 S. Monaco Pkwy, Ste #310<br>Denver, CO 80224<br>Phone Number: 720.941.7200<br>E-mail: medinad@theodorewatson.com<br>Fax Number: 720.941.7201   Atty. Reg. #: 26509 | Case Number:<br><br>Division       Courtroom |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

   ☐ Simplified Procedure under CRCP 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs, and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

   X Simplified Procedure under CRCP 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

      ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**
      X This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see CRCP 16.1(c)),   **or**
      ☐ Another party has previously stated in its cover sheet that CRCP 16.1 does not apply in this case.

3. X This party makes a **Jury Demand** at this time and pays the requisite fee. See CRCP 38. (Checking this box is optional.)

Date: 12/1/06

_____
Signature of Party or Attorney for Party