## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02580-WDM-BNB

VINCENT MACIEYOVSKI,

      Plaintiff(s),

v.

THE CITY AND COUNTY OF DENVER

      Defendant(s).

---

### ~~PROPOSED~~ FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Parties met by telephone on January 22, 23, and 25, 2007 and discussed pre-trial matters

pursuant to Fed. R. Civ. P. 26 (a)(3). The following individuals attended:

      David R. Medina
      Theodore P. Watson & Associates, LLC
      1001 S. Monaco Parkway
      Denver, Colorado 80224
      (720) 941-7200
      Attorney for Plaintiff

      Theodore P. Watson
      Theodore P. Watson & Associates, LLC
      1001 S. Monaco Parkway
      Denver, Colorado 80224
      (720) 941-7200
      Attorney for Plaintiff

Robert A. Wolf
Denver City Attorney's Office, Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO
(720) 913-3100
Attorneys for Defendant

## 2. JURISDICTION

Jurisdiction with this court is pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000h-4, and Notice of Removal dated December 27, 2006 pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Defendant asserts that this court lacks jurisdiction to hear Plaintiff's claims of retaliation and hostile work environment discrimination because Plaintiff failed to exhaust his administrative remedies in that he never filed a charge or an amended charge with the EEOC on these matters.

## 3. CLAIMS AND DEFENSES

a. CLAIMS: Vincent Macieyovski, the Plaintiff in this action is employed by the Defendant, City and County of Denver, as a Site Engineer assigned to the Public Office Buildings department. The Plaintiff has been employee with the City and County of Denver since July 1, 2003, and during his employment has applied for approximately fifteen other announced positions. Mr. Macieyovski was qualified for and applied for the position of Facilities Manager as announced on March 28, 2005, and was denied the promotion because of his national origin. In addition, he experienced hardships while assigned to the Denver Art Museum.

In the course of his employment the Plaintiff has encountered a hostile work environment consisting of hostile comments about "foreigners," and disparaging comments about his accent

2

and his English language abilities. In addition, he experienced hardships while assigned to the Denver Art Museum.

As a result of his complaints regarding the hostile comments toward "foreigners" and his discrimination complaint based on discriminatory denial of promotion opportunities, the Plaintiff has experienced retaliation consisting of disparate application of discipline, and a sudden change in performance evaluations.

b. DEFENSES. The only position for which plaintiff applied and did not receive, and which is a proper subject of this action, is the position of Facilities Superintendent with ~~P.O.B.~~ *Public Office Building* Plaintiff did not receive that promotion because he did not score sufficiently high enough in the selection process to earn him an interview for the position. Plaintiff was initially certified by the Career Service Authority as having met the minimum qualifications for the position. Sixteen other candidates were also certified as minimally qualified. The agency, to narrow-down the ~~filed~~ *field* of candidates, reviewed and scored the candidates' application papers in the areas of qualification, experience level, communication, and knowledge. A candidate could receive a maximum of ten points for each category. The Agency also had each candidate answer, in writing, six "core competency" questions. Again, a candidate could score a maximum of ten points for each of the six core competency questions. The applicants' scores were totaled and the top five scorers were granted interviews, with the selectee to come from that group of five. Since Plaintiff's combined score did not place him in the top five, he was not granted an interview and, therefore, not selected. The core competency questions were scored without knowing which applicant provided which answers. The decision maker, Dan Barbee, believed that the position

3

of Facilities Superintendent was a management, supervisory position and that Plaintiff did not possess the supervisory or management experience of the person ultimately selected. Plaintiff's national origin or accent had nothing to do with his non-selection.

This court lacks jurisdiction to hear Plaintiff's claims of a hostile work environment and retaliation because he failed to file a charge with the EEOC which included those claims. In any event, Plaintiff cannot prove causation regarding either of his alleged retaliatory actions. Regarding his written reprimand, this occurred almost four months after he filed his charge of discrimination and the relocation of his job responsibilities occurred more than eight months after he filed his charge, and, the person who allegedly committed the retaliation did not even know that Plaintiff had filed a charge. Regardless, the relocation of his job duties was not a sufficiently material adverse action so as to constitute retaliation, and Plaintiff cannot prove that the reason he received a written reprimand, rather than a verbal reprimand (because of aggravating circumstances of him not having a valid drivers license on his person and his being rude to the officer reporting to the scene of the accident) is pretext for discrimination. Finally, Plaintiff cannot prove that he suffered severe or pervasive harassment based on his national origin, and even of he could, Defendant would not be liable because defendant has well-publicized, effective anti-discrimination policies and practices in place and Plaintiff unreasonably failed to take advantage of those policies.

## 4. STIPULATIONS

Jurisdiction: Plaintiff was an employee during all relevant times. Date of filing with the EEOC was November 28, 2005.

4

## 5.  PENDING MOTIONS

Motion for Summary Judgment (Defendant), filed December 12, 2007

Defendant's Brief in Support of its Motion for Summary Judgment, filed December 12, 2007

Response Brief in Opposition of Summary Judgment (Plaintiff), filed December 31, 2007

Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, filed

January 15, 2008

Plaintiff's Motion for Partial Summary Judgment, Filed December 13, 2007

Defendant's Response to Plaintiff's Motion for and Brief in Support of Summary Judgment, filed

January 2, 2008

Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment,

filed January 17, 2008

## 6.  WITNESSES

a.     List the expert witness to be called by each party. List separately:

Plaintiff expert witness Jory Laine has been designated as an expert in this case.

Submitted  expert report has disclosed him as an expert.

1.     Jory Laine, The Laine Group,Inc..3000 Youngfield          2 hours          1 hour

Street, STE 183 Lakewood, CO 80215.  Mr. Laine may be

called to testify regarding Vince Macieyovski's

qualifications as compared to candidates that were

interviewed; qualification comparison to job announcement;

effect and damages resulting from Defendant's actions and

5

subject matter of his expert report.

Mr. Laine may be called as a rebuttal witness.

    b. List the nonexpert witnesses to be called by each party.  List separately:

### WITNESS LIST

CASE NO. 106-cv-02580-WDM-BNB              DATE: February 21, 2008

CASE CAPTION: Macievovski v. City and County of Denver

Plaintiff/Defendant Witness List

| Will Call Witnesses List<br>Plaintiff Witnesses that Plaintiff will call: | Estimated Time for Examination | |
| --- | --- | --- |
| | Direct | Cross |
| 1.  Dan Barbee, 201 W. Colfax Ave.,<br><br>Department 904, Denver, CO 80204,<br><br>Former Director of Public Office Buildings<br><br>Department, City and County of Denver.<br><br>Mr. Barbee has knowledge of the Plaintiff's<br><br>employment history with the Defendant and<br><br>may have been involved in the selection of<br><br>applicants for the Field Supervisor position,<br><br>and has general knowledge of Defendant's<br><br>hiring practices and policies, and all issues<br><br>testified at during deposition. | 2 hours | 1 hour |
| 2.  Candace Lothian, Public Office Buildings<br><br>Department, City and County of Denver. | 2 hours | 1 hour |

201 W. Colfax Ave., Department 904,
Denver, CO 80204, As manager within
the department of Public Office Buildings,
Ms. Lothian had responsibility for supervising,
performance reviews, and discipline of the
Plaintiff, and all issues testified at during
deposition and will testify to those points.
She will also be expected to testify
concerning employer policies, training,
and her involvement in the hiring process;

3.  Terry Cross, Facilities Manager, Denver Art          1.5 hours          1 hour
Museum, 100 West 14th Ave. Parkway,
Denver, CO 80204. This witness has
knowledge of the Plaintiff's work history
while assigned at the Denver Art Museum,
and all issues testified at during deposition
and will testify as to communications
with Plaintiff, his supervisor and will discuss
the complexity of Plaintiff's job assignment;

4.  Tony Fortunato, Security Director,                    1 hour           .5 hour
Denver Art Museum, 100 West 14th Ave.

Parkway, Denver, CO 80204. This witness

has knowledge of the Plaintiff's work history

while assigned at the Denver Art Museum

and will testify about the same as well as any

policies communication related to Vince

Macieyovski's tenure at the DAM; and,

5. Vincent Macieyovski, Plaintiff,                    3 hours                3 hours

5014 W. 36th Ave., Denver, CO 801122.

The Plaintiff has knowledge of all aspects of

his employment with the City and County of

Denver including; his job duties, job

performance, work history, promotional

opportunities.  He will testify about

incidents before his filing of the EECO

complaints, knowledge as to work policies

and procedures, communications with all

parties serving as witnesses, his qualifications,

and incidents occurring after his filing of the

EEOC complaint.

~~6. Any witnesses called by the Defendant.~~

Defense Witnesses that Defendant will call:

8

(a)    Dan Barbee, 201 W. Colfax Ave.,                  2 hours          2 hours

Department 904, Denver, CO 80204, Former

Director of Public Office Buildings Department,

City and County of Denver. Mr. Barbee has

knowledge of the Plaintiff's employment history

with the Defendant was involved in the selection

of applicants and was the decision maker for

filling the Facilities Superintendent position and

has general knowledge of Defendant's hiring

practices and policies, and all issues testified at

during deposition;

(b)    Candace Lothian, Public Office Buildings        1.5 hours        2 hours

Department, City and County of Denver. 201 W.

Colfax Ave., Department 904, Denver, CO 80204,

As manager within the department of Public Office

Buildings, Ms. Lothian had responsibility for

supervising, performance reviews, and discipline

of the Plaintiff.  She may testify concerning her

involvement, if any, in the hiring process;

(c)    Terry Cross, Facilities Manager, Denver         1 hour           1 hour

Art Museum, 100 West 14th Ave. Parkway, Denver,

9

CO 80204. This witness has knowledge of the
Plaintiff's work history while assigned at the
Denver Art Museum, and the operation of the
Museum's physical plant.

(d)  Tony Fortunato, Security Director, Denver          .5 hour          1.0 hour
Art Museum, 100 West 14th Ave. Parkway, Denver,
CO 80204. This witness has knowledge of the Plaintiff's
work history while assigned at the Denver Art Museum,
and the operation of the Museum's physical plant.

(e)  Nicole Lucero-Hollub, Career Service Authority,    1 hour           .75 hour
201 W. Colfax, 4th Floor.  Ms. Lucero-Hollub will testify
regarding hiring practices, rules and procedures, as they
would apply to Plaintiff's situation.

(f)  Regina Garcia, General Services, 201 W.            1 hour           .75 hour
Colfax, 11th Floor.  Ms Garcia will testify concerning
agency Human resources functions and operations,
including the handling of discrimination complaints
and training.

| May Call Witnesses | Estimated Time for Examination | |
| --- | --- | --- |
| | Direct | Cross |

*Plaintiff Witnesses that Plaintiff may call:*

10

Non-Expert witnesses who may be called to testify by the Plaintiff (all listed would be expected to testify in person)

| | | |
|---|---|---|
| 1. James Williamson, 201 W. Colfax Ave., Department 904, Denver, CO 80204, Director of Public Office Buildings Department, City and County of Denver. Mr. Williamson has knowledge of the Plaintiff's employment history with the Defendant and may have been involved in the selection of applicants for the Field Supervisor position, and has general knowledge of Defendant's hiring practices and policies; | .50 hour | .25 hour |
| 2. Luis Colón, Manager of General Services, City and County of Denver. 201 W. Colfax Ave., Department 904, Denver, CO 80204. Mr. Colón may have knowledge of the policies and practices of the Public Office Building department with respect to Plaintiff's employment, including hiring, promotion, performance evaluation and discipline. Upon | 1 hour | 1 hour |

11

information and belief, Mr. Colón has personal

knowledge regarding all stages of the selection

process for the Facility Supervisor position

for which the Plaintiff applied;

3. Regina Garcia, General Services, City and          .5 hour          .5 hour

County of Denver. 201 W. Colfax Ave.,

Department 904, Denver, CO 80204.

Ms. Garcia may have knowledge of the policies

and practices of the Public Office Building

department with respect to Plaintiff's employment,

including hiring, promotion, performance evaluation,

and discipline. Upon information and belief,

Ms. Garcia has personal knowledge regarding

all stages of the selection process for the Facility

Supervisor position for which the Plaintiff applied;

4. Guy Vigil, 201 W. Colfax Ave., Department 904,          .5 hour          .25 hour

Denver, CO 80204. Supervisor employed by the

Defendant in the department of Public Office

Buildings. Witness has direct supervisory

responsibility for Plaintiff, and has knowledge

of Plaintiff's performance, responsibilities, of

12

relevant events and incidents, and of employment

practices within the department;

| | | |
|---|---|---|
| 5. Dan Conway, 201 W. Colfax Ave., Department 904, Denver, CO 80204. Supervisor employed by the Defendant in the department of Public Office Buildings. Witness has direct supervisory responsibility for Plaintiff, and has knowledge of Plaintiff's performance, responsibilities; | .5 hour | .5 hour |
| 6. Kevin O'Neil, Facilities Superintendent, Public Office Buildings Department. 201 W. Colfax Ave., Department 904, Denver, CO 80204. This witness applied for and was selected for the position for which the Plaintiff's applied for and was denied. Witness has knowledge of the application and selection process for the position, as well as the qualification, responsibilities, and the daily activities of the position; | .5 hour | .25 hour |
| 7. Steve Green, Electrician Public Office Buildings, 201 W. Colfax Ave., Department 904, Denver, CO 80204. This witness is a co-worker of the Plaintiff and has knowledge of his daily working | .5 hour | .25 hour |

13

environment, and of particular incidents of hostility

toward "foreign" co-workers;

~~8. Any witness that may be called by the Defendant.~~

Non-Expert witnesses who may be called to testify by the Defendant (all listed would be

expected to testify in person)

(a)     Guy Vigil, 201 W. Colfax Ave., Department 904,     .5 hour          .5 hour

Denver, CO 80204. Supervisor employed by the

Defendant in the department of Public Office Buildings.

Witness has direct supervisory responsibility for Plaintiff,

and has knowledge of Plaintiff's performance,

responsibilities, of relevant events and incidents, and

of employment practices within the department;

(b)     Kevin O'Neil, Facilities Superintendent,          1 hour           .5 hour

Public Office Buildings Department. 201 W. Colfax Ave.,

Department 904, Denver, CO 80204. This witness

applied for and was selected for the position for

which the Plaintiff's applied for and was denied.

Witness has knowledge of the application and

selection process for the position;

(c) Steve Green, Electrician Public Office Buildings,     .5 hour          .5 hour

201 W. Colfax Ave., Department 904, Denver, CO 80204.

This witness is a co-worker of the Plaintiff and has

knowledge of his daily working environment.

| | | |
|---|---|---|
| (d)    Bruce Plotkin, CSB hearing officer, | .25 hour | .25 hour |

201 W. Colfax.  Mr. Plotkin may testify regarding

plaintiff's claim of retaliation will, if

necessary, authenticate proposed exhibit

(CSA decision).

| | | |
|---|---|---|
| (e)-(h) Steven Keller,  Richard Sena, | .2 hour (each) | .50 (each) |

Isais Sierra,  Gene Sandler,  co-workers

of Plaintiff's (if still employed, may be contacted

through counsel, if not, address unknown).

These co-workers may testify concerning

Plaintiff's alleged hostile work environment.

| | | |
|---|---|---|
| (i) Jory Laine, Mr. Laine might be called to | 1 hour | 1 hour |

testify regarding the reasonableness of the

six core competency questions, Plaintiff

not being the most qualified candidate,

the worthlessness of Plaintiff's MBA, the

reasonableness of Defendant's actions in light

of Plaintiff's own behavior.

2. witnesses who <u>may</u> be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and,

## 7. EXHIBITS

1.    Plaintiff(s):

(a)    Report of Plaintiff's Expert, Jory Laine

(b)    See Exhibit List

EXHIBIT LIST FORM

JUDGE WALKER D. MILLER

JOINT EXHIBIT LIST                    CASE NUMBER 106-cv-02580

CASE CAPTION Vince Macieyovski v. City and County of Denver

| | Description | Offer | Stip. | In | Out | Rul. Res. | Comment |
|---|---|---|---|---|---|---|---|
| 001 | Letter to Vince from Candace Lothian dealing with notification that annual report is lower than Successful, dated July 26, 2006 (3 pages) | | | | | | Candace Lothian |
| 002 | Letter to Vince from Candace Lothian; RE: Performance and Improvement Plan, dated July 24, 2006 (1 page) | | | | | | Candace Lothian |
| 003 | Improvement Plan for Vince dated July 14, 2006 (5 pages) | | | | | | Candace Lothian |
| 004 | E-mail from Tony Fortunato to Candice Lothian, dated April 06, 2006-Removing Vince from his position (2 pages) | | | | | | Candace Lothian |
| 005 | Letter to Vince from Guy Vigil, dated March 7, 2006 (4 pages) | | | | | | Candace Lothian |
| 006 | Email from Vince to Candace dated January 30, 2006 regarding with unfriendly work environment (2 pages) | | | | | | Candace Lothian |
| 007 | Email form Candace Lothian to Vince dated December 9, 2005, dealing with the duties of Vince (3 pages) | | | | | | Candace Lothian |
| 008 | Application for Vince date on front is May 4, 2005 (4 pages) | | | | | | Candace Lothian |

| 009 | Description of Master Trades Worker (1 page) | | | | | | Candace Lothian |
|---|---|---|---|---|---|---|---|
| 010 | EEO-4 Data Record dated July 1 2003 (4 pages) | | | | | | Candace Lothian |
| 011 | On Line Application for Candace Lothian, dated May 14, 2002 (2 pages) | | | | | | Candace Lothian |
| 012 | Applicant Resume for Candace Lothian (6 pages) | | | | | | Candace Lothian |
| 013 | Justification for Personnel Staffing for POB agency for Master Trades Worker (2 pages) | | | | | | Candace Lothian |
| 014 | Justification for Personnel Staffing no date (2 pages) | | | | | | Candace Lothian |
| 015 | PEPR, dated July 28, 2006, needs improvement (1 page) | | | | | | Candace Lothian |
| 016 | Individual Performance Evaluation for Vince Macieyovski dated July 28, 2006 (12 pages) | | | | | | Candace Lothian |
| 017 | Personnel Action form dated at bottom September 14, 2005 (1 page) | | | | | | Candace Lothian |
| 018 | PEPR, dated August 25, 2005, exceeds Expectations (5 pages) | | | | | | Candace Lothian |
| 019 | Letter to Vince from Candace dated January 25, 2005 regarding communications channels at DAM ( 1 page) | | | | | | Candace Lothian |
| 020 | PERP dated November 10, 2004 exceeds expectations (1 page) | | | | | | Candace Lothian |
| 021 | PERP dated November 6, 2003, successfully completed probation ( 1 page) | | | | | | Candace Lothian |
| 022 | City and County of Denver Memorandum A dated July 15, 2003 (2 pages) | | | | | | Candace Lothian |
| 023 | Personnel Action dated July 10, 2003 | | | | | | Candace Lothian |
| 024 | City and County of Denver Career Service Board Personnel Rules (14 pages) | | | | | | Dan Barbee |
| 025 | Letter to Holly Romero, dated January 6, 2006, dealing with EEOC from Christopher Lujan wanting a list of all employees currently in the job sought by the Charging Party (3 pages) | | | | | | Dan Barbee |

| 026 | Letter to Holly Romero dealing with EEOC and the city's position statement in discrimination case, dated December 28, 2005 (12 pages) | | | | | | Dan Barbee |
|---|---|---|---|---|---|---|---|
| 027 | Notice of Charge of Discrimination, dated December 28, 2005  (1 page) | | | | | | Dan Barbee |
| 028 | Request for Information dated December 28, 2005 (2 pages) | | | | | | Dan Barbee |
| 029 | Letter to Vince from Tyrone Abeyta, Notice of Examination Results dated Mary 5, 2005 (1 page) | | | | | | Dan Barbee |
| 030 | Job Description for Facilities Superintendent with a please apply before date of April 1, 2005 (1 page) | | | | | | Dan Barbee |
| 031 | Personnel Action effective date of July 1, 2005 (1 pages) | | | | | | Dan Barbee |
| 032 | Personnel Action effective date of July 1, 2003 (1 page) | | | | | | Dan Barbee |
| 033 | On line application of Vince dated April 24, 2003 (2 Pages) | | | | | | Dan Barbee |
| 034 | Resume for Vince dated April 23, 2003 | | | | | | Dan Barbee |
| 034 | Answer sheets to questions for scoring applicants for Vince (6 pages) | | | | | | Dan Barbee |
| 035 | Applicant Information for Vince dated May 4, 2005 (3 pages) | | | | | | Dan Barbee |
| 036 | Score sheet for Vince (1 page) | | | | | | Dan Barbee |
| 037 | Application of Terry Green(4 pages) | | | | | | Dan Barbee |
| 038 | Answer sheets to questions for scoring applicants Terry Green (6 pages) | | | | | | Dan Barbee |
| 039 | Score sheet for Terry Green (2 pages) | | | | | | Dan Barbee |
| 040 | Application for Anthony Rolfe (5 pages) | | | | | | Dan Barbee |
| 041 | Answer sheet to questions for scoring applicants for Anthony Rolfe (1 page) | | | | | | Dan Barbee |
| 042 | Score sheet for Anthony Rolfe (1 page) | | | | | | Dan Barbee |
| 043 | Application of Kevin O'Neil, dated May 4, 2005 (4 pages) | | | | | | Dan Barbee |
| 044 | Answer sheets to questions for scoring applicants for Kevin O'Neil (3 pages) | | | | | | Dan Barbee |
| 045 | Score sheet for Kevin O'Neil (2 pages) | | | | | | Dan Barbee |
| 046 | Score sheets for Michael Nolan (2 pages) | | | | | | Dan Barbee |

18

| 047 | List of candidates for the Facilities Superintendent position, dated May 4, 2005 (2 pages) | | | | | | Dan Barbee |
|---|---|---|---|---|---|---|---|
| 048 | Letter to Vince from Steve Draper dated February 5, 2007 regarding not being selected for another position (1 page) | | | | | | Vince Macieyovski |
| 049 | Email from Joe Boyersmith to Vince dated January 8, 2007 letting Vince know that his name was placed on eligible list (1 page) | | | | | | Vince Macieyovski |
| 050 | Email from C Wassel to Vince dealing with application for a Deputy Director Denver Mot position, dated September 18, 2006 (1 page) | | | | | | Vince Macieyovski |
| 051 | Email from C. Wassel to Vince dealing with application for a Manager position dated September 12, 2006 (1 page) | | | | | | Vince Macieyovski |
| 052 | Email from Ted Pacheco to Vince dealing with Vince's application for a Assistant Director of Purchasing position, dated August 16, 2006 (1 page) | | | | | | Vince Macieyovski |
| 053 | Letter to Vince from James Williamson dated August 4, 2006 denying grievance (1 page) | | | | | | Vince Macieyovski |
| 054 | Letter to Vince from Candace dated July 26, 2006 dealing with performance rating being lower than successful m(2 pages) | | | | | | Vince Macieyovski |
| 055 | Email to Candace Lothian dealing with improvement plan, dated July 19, 2006 (1 page) | | | | | | Vince Macieyovski |
| 056 | Improvement Plan for Vince, dated July 14, 2006 (5 pages) | | | | | | Vince Macieyovski |
| 057 | Letter to Vince from James Williamson dealing with official notification of job performance lower than Successful, dated July 14, 2006 (2 pages) | | | | | | Vince Macieyovski |
| 058 | Email from Vince to Candace, Re: Bldg. 150 2005 Expenses, dated June 05, 2006 (1 page) | | | | | | Vince Macieyovski |
| 059 | Letter to Vince dealing with ineligible notification dated May 18, 2006 (1 page) | | | | | | Vince Macieyovski |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 060 | Letter to Holly Romero from Vince dealing with adverse employment actions, dated April 12, 2006 (2 pages) | | | | | | Vince Macieyovski |
| 061 | Letter to Dan Barbee, dealing with traffic accident, dated March 17, 2006 (2 pages) | | | | | | Vince Macieyovski |
| 062 | Letter to D. Cordova, Director, DSA from Vince, dated March 5, 2006, dealing with not being hired for applied positions (2 pages) | | | | | | Vince Macieyovski |
| 063 | Letter to Candace Lothian from Vince dealing with the conditions at the DAM, dated February 14, 2006 (2 pages) | | | | | | Vince Macieyovski |
| 064 | Email from Vince to Candace dated January 30, 2006 clarifying issues (2 pages) | | | | | | Vince Macieyovski |
| 065 | Charge of Discrimination, dated November 28, 2005 (2 pages) | | | | | | Vince Macieyovski |
| 066 | EEOC form 212-A dated November 28, 2005 (2 pages) | | | | | | Vince Macieyovski |
| 067 | Letter to EEOC District Office Denver from Vince dated November 26, 2005 (2 pages) | | | | | | Vince Macieyovski |
| 068 | Email from Kelly Brough to Mayor and Vince dated November 23, 2005 (2 pages) | | | | | | Vince Macieyovski |
| | | | | | | | |
| 069 | Email from Terri to Candace about air filter needs dated June 19, 2006 (2 pages) | | | | | | Terri Cross |
| 070 | Email fro Terri to Candace dealing with water leak on 8th, dated June 01, 2006 (1 page) | | | | | | Terri Cross |
| 071 | Email from Terri Cross to Candace dealing with filters and sent at 4:48 pm, dated May 24, 2006 (1 page) | | | | | | Terri Cross |
| 072 | Email from Terri to Candace dealing complaints about Vince, dated May 24, 2004(2 pages) | | | | | | Terri Cross |
| 073 | Email from Terri to Candace dealing with filters, dated May 24, 2006, sent at 4:47 p.m.(3 pages) | | | | | | Terri Cross |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 074 | Email from Terri to Vince, dealing with Old Dominion Freight Lin and filters, dated May 12, 2006 (2 pages) | | | | | | Terri Cross |
| 075 | Email from Terri Cross to Vince sent on November 19, 2005 answering an email that he sent her on November 16, 2005 dealing with printout of job. (1 page) | | | | | | Terri Cross |
| 076 | Email from Terri Cross to Vince dealing communication between Dennis, Terri, etc. dated November 15, 2005 (1 page) | | | | | | Terri Cross |
| 077 | Email from Terri Cross to people at DAM dealing Power restored, dated June 10, 2004 (1 page) | | | | | | Terri Cross |
| 078 | Email to Vince from Terri Cross subject AP fan unit, no date (1 page) | | | | | | Terri Cross |
| | | | | | | | |
| 079 | Email to Candace from Tony regarding formal complaint, no date (1 page) | | | | | | Tony Fontunato |
| 080 | Email from Tony to Candace dated July 13, 2006 dealing with attached document (1 page) | | | | | | Tony Fontunato |
| 081 | Email from Tony Fortunato to Greg Bertram dated May 8, 2006 dealing with installation of a piece of equipment. (2 pages) | | | | | | Tony Fontunato |
| 082 | Email from Tony to Candace dated April 6, 2006 regarding removing Vince from his position (2 pages) | | | | | | Tony Fontunato |
| 083 | Email from Tony to Vince dated February 21, 2006, stating that his knowledge was irreplaceable (1 Page) | | | | | | Tony Fontunato |
| 084 | Email from Tony to Elmck, Joe and Larry dated November 30, 2005 defining Vince's duties (1 page) | | | | | | Tony Fontunato |
| 085 | Email from Tony Fortunato dated November 30, 2005 to Terri Cross dealing with DAM BAS issues (2 pages) | | | | | | Tony Fontunato |
| 086 | Email from Tony to Terri Cross, dated November 16, 2005 dealing with rules of engagement (2 pages) | | | | | | Tony Fontunato |
| | | | | | | | |

| 087 | Information about the CSA and its mission 2 pages | | | | | | Extra |
|---|---|---|---|---|---|---|---|
| 088 | Jory Laine' report | | | | | | |
| | Defendant's Proposed Exhibits | | | | | | |
| A-1 | Career Service Board Personnel rules (1-591) | | | | | | |
| A-2 | Job Description – Facilities Superintendent (592) | | | | | | |
| A-3 | List of Certified Applicants for Facilities Superintendent Position (593-594) | | | | | | |
| A-4 | Core Competency Questions (595-600) | | | | | | |
| A-5 | O'Neil Scored Documents (601-612) | | | | | | |
| A-6 | Plaintiff's Scored Documents (613-623) | | | | | | |
| A-7 | Written Reprimand (624-627) | | | | | | |
| A-8 | Nola Scored Documents (628-629) | | | | | | |
| A-9 | Field Scored Documents (630-643) | | | | | | |
| A-10 | Rolfe Scored Documents (644-664) | | | | | | |
| A-11 | Green Scored Documents (665-677) | | | | | | |
| A-12 | CSA Decision, No. 62-06 (678-685) | | | | | | |
| A-13 | CSA Job Spec. – Master Trades Worker (686-690) | | | | | | |

Other parties:

b.    Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no

*March 6, 2008*

later than ~~five days after the final pretrial conference.~~ The objections contemplated by Fed. R.

Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later

*March 17, 2008*

than ~~11 days after the exhibits are provided.~~

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

Whether Plaintiff will be permitted to adduce evidence concerning his failed applications

for 15 other positions as evidence supporting his national origin failure to promote claim for the Facilities Superintendent position.

Whether this court has jurisdiction over Plaintiff's retaliation and harassment claims.

Whether Jory Laine is competent to give expert testimony in this matter, and whether expert testimony is appropriate at all.

## 10. SETTLEMENT

a.      Pursuant to Scheduling Order dated February 27, 2007 by U.S. Magistrate Judge, Boyd N. Boland, a Settlement Conference was set for April 20, 2007. The parties submitted confidential settlement statements on April 13, 2007 pursuant to above reference Scheduling Order. And, by Minute Order of April 16, 2007 the April 20, 2007 Settlement Conference was vacated. All subsequent discussions have proven futile.

b.      The participants in the settlement conference, included counsel and party representatives.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties do not intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is little possibility of settlement.

f.      The date of the next settlement conference before the magistrate judge or other alternative dispute resolution method.

*a settlement conference has been set for March 18, 2008,* ~~Not applicable.~~ *at 1:30 pm.*

g.      Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

23

Not applicable

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsels have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.    Trial will be to a jury.

2.    The trial may take five days.

3     The trial will be held in Denver, Colorado.

4     any other orders pertinent to the trial proceedings.

DATED this **26**th day of **February** 2008.

24

BY THE COURT:

United States Magistrate Judge

APPROVED:

THEODORE WATSON & ASSOCIATES

By: s/David Medina
David Medina
1001 S. Monaco Parkway Suite 310
Denver, Colorado 80224
(720) 941-7200
(720) 941-7201 facsimile
Medinad@theodorewatson.com
Attorney for Plaintiff

By: s/ Theodore P. Watson
Theodore P. Watson
1001 South Monaco Parkway, Suite 310
Denver, Colorado 80224
(720) 941-7200
(720) 941-7201 facsimile
watsont@theodorewatson.com
Attorney for Plaintiff

DENVER CITY ATTORNEY

By: s/ Robert A. Wolf (with approval)
 Robert A. Wolf
201 W. Colfax Avenue, Dept. 1108
Denver, CO 80202-5332
(720) 913-3100
(720) 913-3190 facsimile
dlefiling.litigation@ci.denver.co.
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of February 2008, a true and correct copy

of the "**PROPOSED FINAL PRETRIAL ORDER**" was electronically filed with the Clerk of

Court using the CM/ECF system to the following:

Robert A. Wolf
201 W. Colfax Avenue, Dept. 1108
Denver, CO 80202-5332

David Medina
1001 S. Monaco Parkway Suite 310
Denver, Colorado 80224

Theodore P. Watson
1001 South Monaco Parkway, Suite 310
Denver, Colorado 80224

s/ Joyce L. Woody
Joyce L. Woody
Administrative Assistant